UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**LLOYD VAN SHAWN DOWNING (#1180554),**

      **Petitioner,**

v.                                                         Civil Action No.: 2:20cv146

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections**

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, Lloyd Van Shawn Downing ("Downing" or "Petitioner") is currently serving a life sentence for robbery, as well as consecutive sentences for aggravated malicious wounding and use of a firearm. Downing, a Virginia state inmate, initially filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 16, 2020. His petition alleges violations of federal law during his resentencing following a successful state habeas challenge to the sentence on one of his convictions. Following the Court's order to submit an amended petition, Downing submitted an amended petition for a writ of habeas corpus on April 8, 2020, which asserts two grounds for relief. First, Downing alleges a violation of his due process right to be present for his resentencing. Second, Downing asserts "prosecutorial misconduct and vindictiveness" based on the post-trial destruction of the evidence in his case.

The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation. Because Petitioner cannot demonstrate cause and prejudice, or a fundamental miscarriage of justice, to permit federal scrutiny of his defaulted Ground 1 claim and

1

his Ground 2 claim is not cognizable under 28 U.S.C. § 2254, the undersigned recommends Downing's petition be DENIED and DISMISSED with prejudice.

## I. STATEMENT OF THE CASE

On January 22, 2004, Downing pleaded guilty to aggravated malicious maiming, robbery, and use of a firearm. Sentencing Ord. (ECF No. 13-1, at 1). Subsequently, the Accomack County Circuit Court sentenced him to life imprisonment on the robbery conviction, twenty years imprisonment on the aggravated malicious wounding conviction, and five years imprisonment on the firearm conviction with the sentences to run consecutively. Id. at 2. Downing appealed his conviction directly to the Virginia Court of Appeals, arguing that the circuit court's sentence was excessive, as it exceeded the guidelines in Downing's pre-sentence report and that the court erred in imposing a five-year sentence for the firearm conviction. Ct. of Appeals of Va. Ord. (ECF No. 13-2, at 1-2). The Virginia Court of Appeal's denied Downing's petition on January 28, 2005, finding that the sentencing guidelines were not binding on the trial judge and that Downing failed to present his argument regarding the firearm sentence to the trial court. Id. at 1-3. The Virginia Supreme Court also denied Downing's appeal on June 28, 2005. Pet. for Writ of Habeas Corpus (ECF No. 13-3, at 2). Downing did not file a direct appeal with the United States Supreme Court.

On July 11, 2006, Downing filed his initial state petition for a writ of habeas corpus with the Accomack County Circuit Court. See id. Downing's petition alleged the following claims: (1) the trial court erred in sentencing Downing to five years for a first conviction for use of a firearm during the commission of a felony; (2) the trial court erred in not providing an oral or written explanation for Downing's sentence, which was above the sentencing guidelines; (3) ineffective assistance of counsel, as counsel convinced Downing to plead guilty based on assurance of a lenient sentence; and (4) ineffective assistance of counsel, as counsel refused to file

2

a motion to withdraw Downing's guilty plea following sentencing. Id. at 6, 8-10. The Accomack County Circuit Court denied Downing's habeas petition on October 24, 2006. Final Ord. (ECF No. 13-4, at 5-6). On July 19, 2007, the Virginia Supreme Court refused Downing's petition for appeal. Sup. Ct. of Va. Refusal (ECF No. 13-6, at 1).

On August 5, 2010, Downing, proceeding pro se, filed his first federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Pet. for Writ of Habeas Corpus, Lloyd Van Shawn Downing v. Gene M. Johnson, No. 2:10cv413 (E.D. Va. Apr. 15, 2011), ECF No. 1. That petition again alleged the excessive punishment claim raised during his direct appeal and the ineffective assistance of counsel claim raised during his state habeas proceedings. Id. at 8-10. The petition also claimed that Downing's guilty plea was "[i]voluntary, unintelligent, and unknowing," as his trial attorney assured him that his sentence was unlikely to significantly exceed the guidelines. Id. at 11. Additionally, Downing raised a new claim that the state agent acted vindictively in pursuing an upgraded charge because Downing invoked his right to remain silent and requested an attorney. Id. at 6. Because Downing's petition was untimely, this Court entered an order dismissing the petition on April 15, 2011. Final Ord., Lloyd Van Shawn Downing v. Gene M. Johnson, No. 2:10cv413 (E.D. Va. Apr. 15, 2011), ECF No. 19.

On July 2, 2018, Downing, again proceeding pro se, filed a "Motion in Arrest of Judgment" in the Accomack County Circuit Court alleging that count 2 of his indictment charging him with robbery was "so defective as to deprive the Court of jurisdiction because it did not give [him] notice of the nature of the charge." Mot. Arrest of J. (ECF No. 13-7, at 1). Specially, Downing asserted that the indictment did not provide him with notice that "[t]hreat, force or intimidation" were essential elements of the charge. Id. at 5. Downing asserted that the circuit court had

3

jurisdiction pursuant to Virginia Supreme Court Rule 1:1, because "count 2 [was] so defective as to be in violation of the constitution." Id. at 3.

Then on July 11, 2018, Downing filed a pro se Motion to Vacate in the Accomack County Circuit Court. Mot. Vacate (ECF No. 13-8). In this motion, Downing raised five grounds on which to vacate his sentence. First, Downing asserted that the circuit court's August 3, 2004 sentencing order was void ab initio, because the court did not have the power to impose a five year sentence for a first offense of using a firearm in the commission of a felony under Virginia Code § 18.2-53.1. Id. at 5. Second, the sentencing order was void ab initio because, because the court did not have a factual basis to accept Downing's guilty plea to the robbery charge, specifically the court lacked a factual basis to establish that the act was "against [the victim's] will" or "by violence or intimidation." Id. at 7, 10. Third, Downing alleged that the sentencing order was also ab initio, as the record did not establish that the location of the offense occurred in Virginia and thus the court lacked subject-matter jurisdiction. Id. at 13. Fourth, the sentencing order was also ab initio, because the court did not provide notice to Downing that it intended to destroy evidence pursuant to Virginia Code § 19.2-270.4. Id. at 15. Lastly, according to Downing, the sentencing order was void ab initio, as the court lacked jurisdiction to hear and decide Downing's criminal case without a jury trial. Id. at 18.

The Commonwealth of Virginia responded to Downing's motion on August 24, 2018. Commonwealth's Resp. Def.'s Mot. Vacate (ECF No. 13-9). The Commonwealth "concede[d] that [Downing] was sentenced outside the range allowable for his conviction for use of a firearm in the commission of a felony," and acknowledged that "[t]he only available sentence for a first violation of Code § 18.2-53.1 is three years imprisonment" under Hines v. Commonwealth. Id. at 1 (citing Hines v. Commonwealth, 59 Va. App. 567, 580 (2012)). The Commonwealth stated that

the "proper remedy" for Downing's claim was for the circuit court "to enter a modified sentencing order, reflecting the three year sentence without a new hearing on sentencing," since "the only possible sentence that the Court [could] . . . impose on [Downing] [was] the three year mandatory minimum." Id. at 3 (citing Hines, 59 Va. App. at 581 n.7).

Downing objected to the Commonwealth's response on September 12, 2018. Def.'s Obj. Commonwealth's Resp. Def.'s Mot. Vacate (ECF No. 13-10). He argued that the Commonwealth had not responded to his additional claims, and that the sentencing order would be invalid if he was not present for the hearing when he was resentenced. Id. at 2. But on February 4, 2019, the circuit court entered a modified sentencing order which sentenced Downing to "three (3) years on the use of firearm charge" and denied Downing's Motion to Vacate in all other respects. Modified Sentencing Ord. (ECF No. 13-11). Downing appealed the circuit court's denial to the Supreme Court of Virginia alleging the following, summarized, assignments of error:

> The Circuit Court erred in denying Downing's Motion in Arrest of Judgment, because the Commonwealth's response "did not state any facts or laws to give the court jurisdiction to grant the Commonwealth the relief that it received."
>
> The Circuit Court's denial of Downing's Motion in Arrest of Judgment was "plainly wrong and without evidence."
>
> The Circuit court erred in denying Downing's Motion to Vacate, as the Commonwealth's response "did not state any facts or laws to give the Court jurisdiction to grant the Commonwealth the relief that it received."
>
> The Circuit Court's denial of Downing's Motion to Vacate was "plainly wrong and without evidence to support such a decision."
>
> "The Circuit Court erred in denying [Downing] a new sentencing hearing; and the opportunity to be there upon a Virginia Court of Appeal case law that is contrary to Virginia Supreme Court case law."

Pet. App. (ECF No. 13-12, at 3).

The Virginia Supreme Court refused Downing's petition on December 11, 2019 stating that "[u]pon review of the record in this case and consideration of the argument submitted in

5

support of the granting of an appeal, the Court is of the opinion there is no reversible error in the judgment complained of. Accordingly, the Court refuses the petition for appeal." Sup. Ct. of Va. Refusal (ECF No. 13-13).

Downing then filed a Motion to Vacate in this court on March 16, 2020, which the court construed as a petition under 28 U.S.C. § 2254. Mot. Vacate (ECF No. 1). Following the Court's order to submit an amended petition, Downing did so on April 8, 2020. Pet. for Writ of Habeas Corpus (ECF No. 4). Downing's amended petition raises the following grounds for relief:

> Ground 1: [No hearing on resentencing] Violation of the Petitioner's 14th and 5th Amendment[s] to the U.S. Constitution rights of due process: On February 4, 2019, Judge W. Revell Lewis entered a modified sentencing order and denied the petitioner's original motions without any cause or a reason. Supreme Court of Virginia Rule 1:1 prohibits any and all court from . . . modif[ing], vacat[ing], or suspend[ing] any final judgments, orders, or decrees after 21 days.
>
> Ground 2: [Post-trial destruction of evidence] Violation of 5th and 14th Amendments, prosecutorial misconduct and vindictiveness: On December 29, 2005, Commonwealth's Attorney Gary Agar obtained an "Order of Destruction" from Judge Glen Tyler and on February 15, 2006, the Virginia State Police destroyed all of the physical evidence that was used in the prosecution of this criminal case. In Mr. Agar's "Order of Destruction" he falsely informed the court that it was in accordance with Code of Virginia § 19.2-270.4 when in actuality it violated the statutory and mandatory deadline, time frame restrictions of Code of Virginia § 19.2-270.4. No type of scientific testing was ever performed on any of this evidence and the victim's preliminary hearing testimony and other statements to the police raise serious questions about the evidence's sufficiency and Petitioner's guilt. The only purpose of the Commonwealth's Attorney's improper and unconstitutional destruction of this evidence was to hinder and negatively [a]ffect the petitioner's habeas corpus and post-conviction proceedings.

Id. at 5, 7-8. The Commonwealth filed a Motion to Dismiss Downing's petition for a writ of habeas corpus on May 11, 2020.[1] Resp.'s Rule 5 Answer & Mot. Dismiss (ECF No. 15).

---

[1] The Commonwealth submitted both a Motion to Dismiss (ECF No. 11) and a Corrected Motion to Dismiss (ECF No. 15) on May 11, 2020. The Court considers the Commonwealth's Corrected Motion to Dismiss (ECF No. 15).

## II. ANALYSIS

**A.  Downing's claim in Ground 1 is procedurally defaulted and he cannot show cause and prejudice, or a fundamental miscarriage of justice sufficient to excuse the default.**

Ground 1 challenges the Modified Sentencing Order issued by the Accomack County Circuit Court based on the Petitioner's due process rights.[2] Pet. for Writ of Habeas Corpus (ECF No. 4, at 7). This claim is timely and not successive. One manner in which a petition for a writ of habeas corpus can be timely is if it is filed within one year of the date the judgment became final based on direct review. 28 U.S.C. § 2244(d)(1)(A). Downing filed his initial habeas petition in this case on March 16, 2020,[3] see Mot. Vacate (ECF no. 1), less than a year after December 11, 2019, when the Supreme Court of Virginia refused his petition for appeal following his resentencing. See Sup. Ct. of Va. Refusal (ECF No. 13-13). Thus, Downing's petition was timely filed. Downing's petition is also not a successive petition. Downing had previously filed a petition for a writ of habeas corpus with this court that was dismissed as time-barred on April 15, 2011. Final Ord., Lloyd Van Shawn Downing v. Gene M. Johnson, No. 2:10cv413 (E.D. Va. Apr. 15, 2011), ECF No. 19. However, the Fourth Circuit has noted that "not every numerically second petition is a 'second or successive' petition within the meaning of the [Antiterrorism and Effective Death Penalty Act of 1996]." United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014) (citing In re Williams, 444 F.3d 233, 235 (4th Cir. 2006) (§ 2254 case)). "[A] claim which did not arise until after a prior petition was filed" should not be "barred as 'second or successive.'" Id. (quoting

---

[2] To the extent that Petitioner's Ground 1 can be read to be rely solely on the Supreme Court of Virginia Rule 1:1, as it asserts that the "Supreme Court of Virginia Rule 1:1 prohibits any and all courts from . . . modif[ing], vacat[ing], or suspend[ing] any final judgments, orders, or decrees after 21 days," Pet. for Writ of Habeas Corpus (ECF No. 4, at 5), such a claim is not cognizable in this Court. Weeks v. Angelone, 176 F.3d 249, 262 (4th Cir. 1999) (noting that a claim that "rests solely on interpretation of state law and statutes" is not cognizable on federal habeas review).

[3] In response to the Court's order to file an amended petition within thirty days (ECF No. 3), Downing submitted an Amended Petition (ECF No. 4) on April 8, 2020.

7

In re Taylor, 171 F.3d 185, 187 (4th Cir. 1999)); see also Panetti v. Quarterman, 551 U.S. 930, 942-47 (2007) (allowing a petitioner to bring claim in a second § 2254 petition for a writ of habeas corpus when the claim was not ripe at the time the petitioner filed his first petition); Hicks v. Clarke, No. 3:15cv405, 2016 U.S. Dist. LEXIS 137558, at *21-22 (E.D. Va. Sep. 30, 2016). Thus, while this is Downing's second habeas petition in this court, his current challenge regarding the sentencing order was not ripe when he filed his previous petition in 2010. Rather, the claim became ripe after the Virginia Supreme Court refused his appeal challenging the validity of the sentencing order on December 11, 2019. See Sup. Ct. of Va. Refusal (ECF No. 13-13). In sum, Downing's petition is neither time-barred nor successive. However, Downing's Ground 1 claim was not exhausted at the state level.

Habeas corpus claims, even if timely and not successive, must be exhausted in state court before applying for federal relief. The purpose of exhaustion is "to give the State the initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation and citation omitted). Exhaustion entails two aspects. First, a petitioner "must exhaust all available state remedies before he can apply for federal habeas relief." See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997), cert. denied, 139 L. Ed. 2d 57, 118 S. Ct. 102 (1997)). A petitioner will not be deemed to have exhausted his state remedies if he has the right under state law to raise the question. 28 U.S.C. § 2254(c). Second, "a habeas petitioner must fairly present his claim to the state's highest court." Matthews, 105 F.3d at 911 (4th Cir. 1997) (citing Spencer v. Murray, 18 F.3d 237, 239 (4th Cir. 1994)); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) ("To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of

8

discretionary review), thereby alerting that court to the federal nature of the claim."). Fair presentation requires that "both the operative facts and the controlling legal principles must be presented to the state court." Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000) (quoting Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997)). In other words, the claim must be presented "faceup and squarely," rather than merely "hint[ing] that a theory may be lurking in the woodwork." Id. (quoting Matthews, 105 F.3d at 911). Specifically, "[w]hen the appeal is to a constitutional guarantee as broad as 'due process,' it is incumbent upon a habeas petitioner to refer to the 'particular analysis developed in cases' and not just to due process in general in order to present his claim." Gray v. Netherland, 99 F.3d 158 (4th Cir. 1996) (quoting Gray v. Netherland, 518 U.S. 152, at 163 (1996)); see also Anderson v. Harless, 459 U.S. 4, 7 (1982). "The burden of proving that a claim has been exhausted lies with the petitioner." Matthews, 105 F.3d at 911 (citing Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994)).

Downing has failed to meet the burden of proving that he fairly presented his claim to the Supreme Court of Virginia. Following the circuit court's modification of his sentencing order and denial of Downing's motion in all other respects, Downing appealed to the Supreme Court of Virginia. Pet. App. (ECF No. 13-12). Among Downing's assignments of error on appeal to the Virginia Supreme Court was that "[t]he Circuit Court erred in denying [Petitioner] a new sentencing hearing; and the opportunity to be there upon a Virginia Court of Appeal case law that is contrary to Virginia Supreme Court case law." Id. at 3, 31. Thus, Downing presented this claim to the Supreme Court of Virginia in the context of Virginia case law.

Downing began his sentencing argument in the Supreme Court filings by discussing the statutory maximum range of punishments and citing Virginia Supreme Court cases. Id. at 32. A substantial amount of Downing's argument is dedicated to this question. Id. He then injected the

statement that "the [Petitioner] has a federal and state <u>constitutional</u> right to be present when a circuit court impose[s] a sentence. The judge must address the [Petitioner] personally and the [Petitioner] must be provided an opportunity to address the judge himself." <u>Id.</u> at 33 (emphasis added). This is Downing's only mention of the Constitution—state or federal—in the portion of his brief discussing the Accomack County Circuit Court's resentencing. <u>See</u> <u>id.</u> at 31-33. Concededly, Downing's statement could be read as an assertion that his federal due process rights were violated, because he was not provided an opportunity to address the judge directly. However, in light of the extensive argument on state sentencing law, this is far from presenting a constitutional argument "faceup and squarely." <u>See</u> <u>Baker v. Corcoran</u>, 220 F.3d 276, 289 (4th Cir. 2000) (quoting <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997)).

As the Fourth Circuit has noted, a petitioner not only bears the burden of proving that his claim was exhausted but must "refer to the 'particular analysis developed in cases' and not just to due process in general in order to present his claim." <u>Gray v. Netherland</u>, 99 F.3d 158 (4th Cir. 1996) (quoting <u>Gray v. Netherland</u>, 518 U.S. 152, at 163 (1996)); <u>Matthews</u>, 105 F.3d at 911 (citing <u>Mallory v. Smith</u>, 27 F.3d 991, 994 (4th Cir. 1994)); <u>see also</u> <u>Canale v. Clarke</u>, No. 3:16CV400, 2017 U.S. Dist. LEXIS 195486, at *8 (E.D. Va. Nov. 27, 2017) (finding that petitioner's due process claim was not exhausted where "[petitioner] only incorporated the words, 'Due Process,' and presented a brief due process argument, for the first time in the recitation of the assignment of errors that appeared in the body of the Petition for Appeal."); <u>Wilson v. Washington</u>, No. 3:06CV265-HEH, 2007 U.S. Dist. LEXIS 103670, at *6 (E.D. Va. Mar. 30, 2007) ("Considering the focus and breadth of Petitioner's argument on direct appeal, Petitioner's single passing reference to due process did not fairly present the substance of his <u>Fourteenth Amendment</u> claim to the Supreme Court of Virginia."). Downing's pleading does not provide any

10

such an analysis, nor does he even explicitly refer to the constitutional right in question. Thus, Downing has not exhausted his Ground 1 due process claim.

When a claim has not been presented in state court, it may nevertheless be treated as exhausted "if it clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Virginia law prohibits successive habeas petitions alleging grounds available to the petitioner at the time of his initial filing. Va. Code § 8.01-654(B)(2). As a result, if Downing were to attempt to exhaust his federal due process challenge now, he would be prohibited from doing so by Virginia's bar on successive petitions. Failure to comply with state procedures in raising a claim bars a petitioner from raising that claim in a federal habeas petition unless the petitioner can show cause for the default and resulting prejudice, or a fundamental miscarriage of justice. Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)); see also Wilson v. Washington, No. 3:06CV265-HEH, 2007 U.S. Dist. LEXIS 103670, at *7 (E.D. Va. Mar. 30, 2007) ("Absent a showing of cause and prejudice or a fundamental miscarriage of justice, a federal habeas court is precluded from reviewing the merits of a defaulted claim." (citing Harris v. Reed, 489 U.S. 255, 262 (1989))).

Downing has not shown any factors which would meet the cause and prejudice standard necessary to overcome procedural default. He has alleged no "objective factor external to the defense" which impeded his efforts to comply with the state procedural rule. Wolfe v. Johnson, 565 F.3d 140, 158 n.27 (4th Cir. 2009) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). Rather, Downing's argument to the Virginia Supreme Court that the circuit court erred in denying him a sentencing hearing indicates that the facts necessary to bring a due process claim regarding

this matter were available to him at the time of his appeal. Additionally, the Court's review of the record confirms that failing to review his claims will not result in a fundamental miscarriage of justice. Downing's petition presents no "new reliable evidence" supporting a claim of actual innocence, but merely challenges the modification of his sentencing order. Coleman v. Thompson, 501 U.S. 722, 730 (1991); Sharpe v. Bell, 593 F.3d 372, 377 (4th Cir. 2010). Thus, Downing's Ground 1 due process claim cannot be considered by this Court.[4]

C.     **Downing's Ground 2 is not a cognizable claim in federal court.**

Ordinarily, "it is not the province of the federal habeas court to re-examine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Larry v. Branker, 552 F.3d 356, 368 (4th Cir. 2009) (citing id.); Weeks v. Angelone, 176 F.3d 249, 262 (4th Cir. 1999) (citing Estelle, 502 U.S. at 67-68). Thus, a petitioner's claim is not cognizable on federal habeas review when it "rests solely on interpretation of state law and statutes." Weeks 176 F.3d at 262. Claims of procedural error in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief. Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988); see also Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008) ("[E]ven where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief

---

[4] Even if Downing's Ground 1 claim was exhausted, it is without merit. Assuming Downing's petition had presented his federal due process claim directly, the Supreme Court of Virginia's decision refusing his appeal of the issue would be entitled to great deference. Under 28 U.S.C. § 2254(d), this Court must defer to a state court's merit decision unless the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). Here, Downing did not face a loss of due process that violated fundamental fairness when his sentence was modified without a hearing, since the only option for the Accomack County Circuit Court, pursuant to the Supreme Court of Virginia's decision in Graves v. Commonwealth, was to reduce Downing's sentence on the firearms charge to three years. See Graves v. Commonwealth, 805 S.E. 2d 226, 232 (2017) ("We agree with the Commonwealth. Ordinarily, 'a criminal defendant . . . is entitled to a new sentencing hearing' where 'a sentence [is] imposed in violation of a prescribed statutory range of punishment.' In this instance, a three-year fixed term of confinement is the only sentence available. Therefore, a new sentencing hearing is unnecessary as to the defendant's conviction under Code § 18.2-53.1" (quoting Rawls v. Commonwealth, 683 S.E. 2d 544, 549 (2009))).

because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." (citing id.)).

In Ground 2 Downing asserts that the Commonwealth violated Virginia Code § 19.2-270.4, which addresses "[w]hen donation, destruction, or return of exhibits received in evidence [is] authorized," by "destroy[ing] all the physical evidence that was used in the prosecution of this criminal case."[5] Pet. for Writ of Habeas Corpus (ECF No. 4, at 7). Downing alleges that the destruction of the evidence not only violated Virginia Code § 19.2-270.4, but that "[n]o type of scientific testing was ever performed on any of this evidence" despite "serious questions about the evidence's sufficiency and Petitioner's guilt." Id. at 8. In sum, Downing asserts that "[t]he only purpose" in the Commonwealth destroying the evidence was to "hinder and negatively affect [his] habeas corpus and post-conviction proceedings." Id.

However, Downing produces no evidence to substantiate his claim that the Commonwealth's purpose was to derail his post-conviction proceedings. Additionally, Downing's allegation that the destruction of evidence was contrary to Virginia Code § 19.2-270.4 is a matter of state law, and, as such, is not cognizable as a federal habeas petition. Downing styles his challenge to the destruction of evidence as a violation of his 5th and 14th Amendments rights based on "prosecutorial misconduct [and] vindictiveness." See id. at 7. Although claims of pre-trial

---

[5] Virginia Code 19.2-270.4 states in relevant part:

> Except as provided in § 19.2-270.4:1 and unless objection with sufficient cause is made, the trial court in any criminal case may order the donation or destruction of any or all exhibits received in evidence during the course of the trial . . . (ii) in any felony case, upon notice in the sentencing order or otherwise to the attorney for the Commonwealth, the defendant at his last known address, and attorney of record for the defendant in the case, after more than one year has expired from exhaustion of all appellate remedies[;] . . . provided, however, if a petition for writ of habeas corpus is filed within such one-year period, then such order shall not be entered until exhaustion of such habeas corpus proceedings. Notwithstanding the foregoing, in all cases concluded prior to July 1, 2005, the notice requirement in this section shall not apply.

13

destruction of evidence can give rise to a due process claim where the petitioner can show that the government acted in bad faith, see Arizona v. Youngblood, 488 U.S. 51, 58 (1988), the Fourth Circuit has declined to extend this rule to post-trial destruction of evidence. Lovitt v. True, 403 F.3d 171, 187 (4th Cir. 2005) ("Extending the destruction of evidence rule today might impermissibly create a 'new rule' on federal habeas review."); see also Elliott v. Kelly, No. 1:08cv430, 2009 U.S. Dist. LEXIS 27573, at *63-64 (E.D. Va. Mar. 31, 2009) ("[C]ourts have not applied the bad-faith standard for constitutional due process violations to post-trial destruction of evidence by police departments." (citing Lovitt v. True, 403 F.3d 171, 187 (4th Cir. 2005))). In sum, Downing's Ground 2 challenge regarding the post-trial destruction of evidence in his case is not cognizable in this Court.[6]

---

[6] Even if Downing's claim was cognizable, it is also time-barred and successive. Under 28 U.S.C. § 2244, a petitioner seeking a writ of habeas corpus has one-year to file an application, which can run from the latest of several points, including the date the judgment became final as a result of direct review, or the date the claim "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A), (D) (emphasis added). Downing's direct review was concluded in 2005 after the Supreme Court of Virginia refused his appeal and Downing did not appeal directly to the United States Supreme Court. See Pet. for Writ of Habeas Corpus (ECF No. 13-3, at 2). While Downing states that he was not able to obtain the documents relevant to this claim until after this direct appeal, he offers no explanation for why he could not have obtained these documents sooner if he had exercised due diligence. Rather, Downing's own petition acknowledges that he was at least aware that the documents existed when he was preparing his initial petition for a writ of habeas corpus. See Pet. for Writ of Habeas Corpus (ECF No. 4, at 7); Smith v. Clarke, No. 2:15cv428, 2016 U.S. Dist. LEXIS 185013, at *15-16 (E.D. Va. Dec. 19, 2016) (denying a belated commencement of the limitations period where the petitioner had "not demonstrated that she made reasonable efforts to obtain the documents during the over ten-year delay between the time her conviction became final and the submission of her present petition"). Second, Downing's claim is also barred as successive, since Downing admits that he was aware of the destruction of evidence before filing his prior federal habeas corpus petition, see Pet. for Writ of Habeas Corpus (ECF No. 4, at 7), but did not obtain authorization from the Fourth Circuit to file a successive petition on this ground. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

### III. **RECOMMENDATION**

For the foregoing reasons the undersigned recommends that Respondent's Motion to Dismiss be GRANTED, and Downing's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED with prejudice.

### IV. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir.1984); United States v. Schronce, 727 F.2d 91 (4th Cir.1984).

The Clerk shall mail a copy of this Order to the Petitioner and to counsel of record for the Respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
December 15, 2020

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Lloyd Van Shawn Downing #1180554
Wallens Ridge State Prison
P.O. Box 759
Big Stone Gap, VA 24219

Leanna Catherine Minix
Office of the Attorney General
202 North 9th Street
Richmond, VA 23219

Fernando Galindo,

Clerk of Court

By: /s/ J. L. Meyers

Deputy Clerk

December 15, 2020

16